DAVIS, Judge.
Michael and Joy Hernandez, along with several other homeowners, appeal a trial court’s final declaratory judgment. In its final declaratory judgment, the trial court ruled that a voluntary homeowners’ association and community development district both carried the authority to enforce covenants and deed restrictions within the community known as Meadow Pointe. We affirm the trial court’s ruling as to the voluntary homeowners’ association, but reverse its declaration regarding the community development district.
Trout Creek Development Corporation (“Trout Creek”) planned and developed a residential community in Pasco County known as Meadow Pointe. As part of the development process, Trout Creek recorded in the public records of Pasco County a Declaration of Restrictions. The Declaration established certain covenants and deed restrictions within the community. The Declaration provides that its covenants and deed restrictions may be enforced by persons owning real property within Meadow Pointe, Trout Creek, or the Meadow Pointe Community Development District (“MPCDD”). Pursuant to the Declaration, Trout Creek may enforce the Declaration as long as it owns property within the development, and, even if it does not own property within the development, it may still enforce the Declaration for a period of ten years. The MPCDD is a special property taxing district created under Chapter 190 of the Florida Statutes. The Declaration did not provide for the formation of a mandatory homeowners’ association.
Several different homebuilders — not Trout Creek — built homes within Meadow Pointe. When the homeowners discovered that there were no provisions for a mandatory homeowners’ association, they sued the homebuilders for deceptive advertising, fraud, and negligent misrepresentation. The homeowners alleged that the builders advertised the existence of such an association and, without an association, their property would lose value. Additionally, the homeowners sought injunctive and declaratory relief against Trout Creek, alleging that Trout Creek had stopped exercising architectural control over the construction in Meadow Pointe, a duty the Declaration required of Trout Creek.
After the homeowners filed suit, Trout Creek formed a not-for-profit corporation *362 known as Meadow Pointe Homeowners’ Association, Inc. This corporation would act as a voluntary homeowners’ association. Trout Creek assigned to the new association a non-exclusive right to enforce the Declaration of Restrictions.
The trial court severed the homeowners’ action against Trout Creek from those against the several homebuilders. The resulting action against Trout Creek was a two-count complaint. First, the homeowners sought injunctive and declaratory relief for Trout Creek’s alleged failure to enforce the covenants and restrictions. Second, the homeowners sought additional declaratory relief, arguing that the voluntary homeowners’ association did not have the authority to enforce the covenants and restrictions. In response, Trout Creek raised as an affirmative defense the assertion that the Declaration also gave the MPCDD the same right to enforce the covenants and restrictions. The trial court entered its final declaratory judgment in favor of Trout Creek, ruling that both the voluntary homeowners’ association and the MPCDD did have the authority to enforce the covenants and restrictions.
Citing primarily Palm Point Property Owners’ Ass’n v. Pisarski, 626 So.2d 195 (Fla.1993), the homeowners argue that the homeowners’ association lacks standing to enforce the Declaration. We find that Palm Point is inapplicable to the facts of the instant case. The Declaration specifically gave Trout Creek the right to enforce the covenants and deed restrictions. Trout Creek has validly assigned this right to a third party, that is, the homeowners’ association. See § 68.06, Fla. Stat. (1997). The association’s authority to enforce the restrictions is based — not on the fact that it is a homeowners’ association — but rather on the right the Declaration gave to Trout Creek, which Trout Creek then assigned to the association. Accordingly, the trial court was correct in its finding, and we affirm as to that issue.
The trial court also ruled that the Meadow Pointe Community Development District has the power to enforce covenants and deed restrictions. We disagree. The Florida Legislature designed community development districts “as an alternative method to manage and finance basic services for community development.” § 190.002(3), Fla. Stat. (1997). For example, under section 190.012, Florida Statutes (1997), community development districts may construct facilities for water management and control, water and wastewater services, bridges, culverts, roads, parks, recreational facilities, fire prevention systems, and schools.
Trout Creek acknowledges that community development districts are limited to those powers enumerated in section 190.011, Florida Statutes (1997). However, Trout Creek argues that the districts may enforce covenants and deed restrictions as an exercise of the authority in subsection 190.011(15), which provides that a district may “exercise all powers necessary, convenient, incidental, or proper in connection with any of the powers, duties, or purposes authorized by the act.” Trout Creek specifically contends that the power to enforce covenants and deed restrictions is incidental to a district’s power to finance the cost of constructing capital facilities. Trout Creek reasons that covenants and deed restrictions preserve property values, thus easing a district’s ability to pay off the debts from its capital bonds. We reject this reading of subsection 190.011(15) as overly expansive, and contrary to the general purpose of delivery and management of community development services as contemplated by the statute. Accordingly, we hold that the trial court erred in finding that the MPCDD had the authority to enforce the Declaration of Restrictions.
Affirmed in part, and reversed in part.
ALTENBERND, A.C.J., and FULMER J., Concur.